IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

UNITED STATES OF AMERICA

VERSUS                                          CRIMINAL NO.  2:09cr43 KS-MTP-001

THEDDIS MARCEL PEARSON, ET AL

ORDER

This cause is before the Court on Theddis Pearson's Motion to Sever or in the Alternative Motion in Limine Regarding the Use of Co-Defendants' Grand Jury Testimony and 404(b) Evidence it has Against Gail Jones and Alonza Williams [103], Response thereto by the United States [127], and Reply by Theddis Marcel Pearson [145], and the Court considering the above, together with the Grand Jury testimony submitted *in camera* by the United States, and applicable case law, and being fully advised in the premises, finds that the Motion should be denied for the following reasons:

Theddis Pearson ("Pearson") is one of seven defendants in this Medicare fraud case. Pearson anticipates that the Government will use the Grand Jury testimony of three of the co-defendants, Drs. Dunk A. Ellis, Collie Crutcher and Patrick Arnold in its case in chief if the co-defendants do not testify.  The basis of the objection by Pearson is that the Grand Jury testimony that is inculpatory to the doctors is in the nature of a confession and also implicates Pearson in the commission of the charged acts.  If this testimony is admitted and the co-defendants do not testify, then Pearson alleges that he has lost the right to cross-examine his accusers (three of his co-defendants) and this would cause this trial to be unfair and a violation of the Fifth and Sixth

Amendments to the United States Constitution as well as F.R.C.P. 8 and 14.

The Motion by Pearson does not articulate his theory of the case, nor does it comply with the requirements set forth in *United States v. Ramirez*, 954 F.2d 1035, 1037 (5th Cir. 1992). Pearson is required to show:

(1) that he has a *bona fide* need for his co-defendants' testimony;

(2) that he knows the substance of the expected testimony;

(3) that the testimony is, in fact, exculpatory to Pearson; and

(4) that the co-defendants would in fact testify if the cases were severed.

He has not shown any need for the co-defendants' testimony, other than that he would like to cross-examine the co-defendants on the statements that he believes are inculpatory. He has not stated what the substance of the co-defendants' testimony is, or that the co-defendants would in fact testify if the cases were severed.

This case is a conspiracy case wherein Counts 1 and 13 are alleged against all defendants and Counts 2-11 and 14 have only allegations against Pearson and Jones. In a conspiracy case, which this is, joint trials are preferred for judicial economy and to speedily conclude the charges against the defendants. The defendants are properly indicted together as this case arises out of a group of circumstances involving the defendants that are closely connected through the defendants Pearson and Jones and their operation of the company Statewide Physical Medicine.

This Court has the ability to hear this objection to admissibility again and under the guidelines of *Brewton v. United States*, 391 U.S. 123 (1968) address the purported inculpatory testimony if in fact it becomes necessary. Also, this Court retains the right to reconsider this Motion upon the urging of Pearson if during the trial it appears that the evidence and circumstances are such that Pearson cannot in fact get a fair trial because of the compromise of

his Fifth and Sixth Amendment rights.

While the parties disagree on the nature of the Grand Jury testimony of Dr. Arnold, this Court will have the ability at the trial to consider it and the extent of other evidence that establishes the facts that may be found objectionable by Pearson.

This Court has reviewed its docket and this case has been continued twice. Whether one or multiple defendants are tried, it is obviously a multi-week trial. This Court does not have the ability to schedule numerous multi-week trials within a reasonable time, and judicial economy must be considered and has been in addressing this Motion. This Court will address the issue of limiting instructions, Brewtonizing statements or testimony, and limiting the use of prior statements at trial. But at this time, this portion of the Motion is denied.

The Court is unaware of what the 404(b) evidence is that is anticipated to be offered by the Government. 404(b) has certain requirements, and this Court will consider the evidence, conduct a balancing test, and make a determination of the admissibility of the evidence at the time it is offered.

For the reasons above stated, this Court finds that the Motion to Sever, Etc., be and the same is hereby overruled.

SO ORDERED on this the 12th day of May, 2010.

UNITED STATES DISTRICT JUDGE