IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

UNITED STATES OF AMERICA

vs.  CRIMINAL ACTION NO. 2:09cr43-KS-MTP

THEDDIS MARCEL PEARSON, et al

**ORDER**

This matter is before the court on the Motion to Dismiss Certain Counts as Being Multiplicitous and/or Duplicitous filed by Defendant Theddis Pearson [Doc. # 140]. Pearson argues that Count 1 is duplicitous in that it charges conspiracy under 18 U.S.C.A. § 286 as well as aiding and abetting under 18 U.S.C.A. § 2. Pearson also argues that Counts 1 and 12 are multiplicitous because they punish the same conduct.

The Court first finds that the issue of duplicity is unfounded. "An indictment may be duplicitous if it joins in a single count two or more distinct offenses." *United States v. Baytank (Houston), Inc.*, 934 F.2d 599, 608 (5th Cir. 1991) (citing *United States v. Robin*, 693 F.2d 376, 378 (5th Cir. 1982)). Pearson does not cite any Fifth Circuit law in support of his argument. In contrast, the government cites *U.S. v. Bullock*, in which the Fifth Circuit held that the objection to charging violations of 18 U.S.C.A. § 2 and 18 U.S.C.A. § 641 in the same count was not well taken. *U.S. v. Bullock*, 451 F.2d 884, 888 (5th Cir. 1971). The Fifth Circuit stated:

> Count Two is said to be defective for multiplicity,[1] in that it charges violations of both 18 U.S.C.A. § 2 and 18 U.S.C.A. § 641. The objection is not well-taken. 18

---

[1] Although the Fifth Circuit uses the term multiplicity it is clear from their opinion that the issue raised is one of duplicity, the charging of two separate offenses in a single count, and not multiplicity, the charging of the same offense in multiple counts in violation of the principles of Double Jeopardy.

1

> U.S.C.A. § 2, which makes he who aids or abets the commission of an offense punishable as a principal, is an alternative charge in every count, whether explicit or implicit, and the rule is well-established, both in this circuit and others, that one who has been indicted as a principal may be convicted on evidence showing that he merely aided and abetted the commission of the offense.

*Id.* (citing *United States v. Gower*, 447 F.2d 187 (5th Cir. 1971). In the case at hand, the inclusion of the charge of aiding and abetting the conspiracy to commit Medicare fraud is implicit in the charge of conspiracy to commit Medicare fraud under 18 U.S.C.A. § 2 and Fifth Circuit precedent.

The Court also finds the issue of multiplicity to be unfounded. "An indictment is multiplicitous if it charges a single offense in multiple counts, thus raising the potential for multiple punishment for the same offense, implicating the Fifth Amendment double jeopardy clause." *United States v. Reagan*, 596 F.3d 251, 253 (5th Cir. 2010) (citations omitted). The Fifth Circuit has clearly stated that "[o]ne act may violate two or more statutes and constitute independent offenses." *United States v. Maggitt*, 784 F.2d 590, 599 (5th Cir. 1986). "The fact that a defendant is charged twice in an indictment for the same conduct does not necessarily mean he is being charged with the same offense." *Id.* "When considering an indictment charging separate offenses arising from a series of related acts, we must determine whether Congress intended separate punishments." *United States v. Brechtel*, 997 F.2d 1108, 1112 (5th Cir. 1993) (citing *Missouri v. Hunter*, 459 U.S. 359, 365-69). If Congressional intent is not clear, the court may consider whether each charge requires proof of a different element from the other charge. *Maggitt*, 784 F.2d at 599.

Here, the statutes raised in Counts 1 and 12, 18 U.S.C.A.. §§ 286 & 641, were enacted the same day, June 25, 1948, and Congress could easily have signaled their intent for the

statutes to be mutually exclusive by precluding cumulative punishments, or for one to be a lessor included offense of the other if it so intended. They did not do so. Even looking past legislative intent, each charge requires the proof of a separate element. § 286 states:

> Whoever enters into any agreement, combination, or conspiracy to defraud the United States, or any department or agency thereof, by obtaining or aiding to obtain the payment or allowance of any false, fictitious or fraudulent claim, shall be fined under this title or imprisoned not more than ten years, or both.

18 U.S.C.A. § 286. § 641 states:

> Whoever embezzles, steals, purloins, or knowingly converts to his use or the use of another, or without authority, sells, conveys or disposes of any record, voucher, money, or thing of value of the United States or of any department or agency thereof . . . [s]hall be fined under this title or imprisoned not more than ten years, or both; but if the value of such property in the aggregate, combining amounts from all the counts for which the defendant is convicted in a single case, does not exceed the sum of $1,000, he shall be fined under this title or imprisoned not more than one year, or both.

18 U.S.C.A. § 641. The government notes that violation of § 286, unlike § 641, requires proof that more than one person conspired to commit the fraud on the government. Pearson argues that the statute does not specifically require the involvement of two or more persons, but a conspiracy necessarily requires at least two people.[2] Further § 286 requires a false claim while § 641 allows the more general proof of embezzlement, stealing, or conversion. That the same conduct by the defendants in this case proves the different elements is not controlling. Finally, violation of § 641 requires proof that the value of the property exceeded $1,000.00, which is not an element under § 286. Therefore, the indictment does not violate the rule against multiplicity.

---

[2] See Black's Law Dictionary defining a "conspiracy" as "an agreement by two or more persons to commit an unlawful act coupled with an intent to achieve the agreement's objective."

IT IS, THEREFORE, ORDERED that the Motion to Dismiss Certain Counts as Being Multiplicitous and/or Duplicitous [Doc. # 140] is hereby **denied**.

SO ORDERED AND ADJUDGED this the 21st day of May, 2010.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE