IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

UNITED STATES OF AMERICA

VERSUS                                          CRIMINAL NO. 2:09cr43 KS-MTP- 01

THEDDIS MARCEL PEARSON, ET AL

ORDER

This cause is before the Court on Defendant, Theddis Pearson's Motion In Limine to Prohibit Government from Eliciting the Names, Treatment, or Claims of any Patient not Specifically Named in the Indictment and to Prohibit the Government from Referring to any Patient as a "Victim" [141], Response thereto by the Government [213], and the Court after reviewing same and being fully advised in the premises finds that the Motion should be denied for the following reasons, to-wit:

In his Motion, Pearson seeks to limit the Government's proof to the names and medical treatment rendered to the patients specifically listed in the Indictment. He further claims that there are approximately 250,000 claims to Medicare made by Statewide and only four patients' claims were involved in the Indictment (Counts 2 - 11).

Pearson also seeks to prevent the Government from referring to any of the patients as a "victim" as the Government is the only alleged victim in the case.

The Indictment alleges a long-term conspiracy involving Defendants, including Pearson,

that made many claims for treatments rendered to hundreds of patients over the five-year period. The Court finds that the evidence would be admissible in one of two ways: (1) That it was inextricably intertwined with the evidence of the four parties listed in the Indictment. To be inextricably intertwined it must be part of a single criminal episode. Funds from all of the claims were commingled by Statewide Physical Medicine Group, Inc. as it continued to transact its multi-state operations. This Court has not heard the testimony, but with this Court's limited knowledge it appears that there were a number of similar claims filed by Statewide representing numerous patients. Proof allowed to prove a conspiracy can be far reaching, but the jury should be allowed to consider intrinsic evidence in order to evaluate all of the circumstances under which the Defendants acted.

Even if the evidence of other instances of claims is not intrinsic evidence for the reason that it is so removed and disjointed from the claims that are part of the Indictment, it could still be admissible as extrinsic evidence admitted under 404(b). The Fifth Circuit has set up a two-step test outlined in *United States v. Beechum*, 582 F.2d 894, 911 (5th Cir. 1978) (*en banc*). "First, it must be determined that the extrinsic offense evidence is relevant to an issue other than the defendant's character. Second, the evidence must possess probative value that is not substantially outweighed by its undue prejudice and meet the other requirements of Rule 403." *Id.* See *United States v. Stephens*, 571 F.3d 401.

As to the issue of calling the clients victims, the Court finds that the authority cited by the Movant is distinguishable and if the patients' health was at risk then they can be referred to as victims.

Both parties should be aware that this Court would allow the Movant to reurge this

Motion during the trial. The Court has not had the benefit of the testimony and if Movant believes that the Government's evidence gets outside of the parameters of 401, 402, 403 and 404, then these issues should be raised again.

SO ORDERED this the 21st day of May, 2010.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE